COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT WORTH

 

 

                                           NO. 2-07-012-CR

 

 

TODD W. MEADERS                                                             APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

The
trial court convicted Appellant Todd W. Meaders of driving while intoxicated
and assessed the agreed-upon sentence of 120 days=
incarceration, probated for two years. 
Appellant brings two points on appeal, challenging the legal and factual
sufficiency of the evidence.  Because we
hold that the evidence is both legally and factually sufficient, we affirm the
trial court=s judgment.








Prentis
Chandler Goss testified that on the night of July 20, 2004, as she approached a
bank parking lot to get some money from an ATM, she saw in front of her a big
tractor/trailer truck, an eighteen-wheeler, without the trailer.  As the truck pulled into the bank parking
lot, it ran over a flower bed, and the top of the truck clipped the overhang on
the bank.  Ms. Goss testified that the
driver had difficulty exiting the cab when he went to the ATM machine.

After
Ms. Goss observed the truck run over the flower bed and clip the overhang on
the bank, she called 911, and Officer Amy Stingley responded.  Officer Stingley identified Appellant as the
driver of the truck.  When she first saw
Appellant, he was climbing up into his truck. 
She talked to him while he was getting into the truck, and at trial
described his speech as Areal soft and a little slurred.@  After Officer Stingley made contact with
Appellant and obtained his information and driver=s
license, Ms. Goss yelled at her from her own car, and Officer Stingley went to
talk to Ms. Goss after telling Appellant, AI=ll be
back with you.@








Meanwhile,
Appellant drove his truck through the ATM lane and turned around and parked at
the direction of another officer, Sergeant Babcock.  When Appellant got out of the truck, Officer
Stingley noticed that his pants were unzipped and that his penis was
exposed.  Officer Stingley described
Appellant=s eyes as bloodshot with
constricted pupils.  She did not smell
any alcohol on him.  Appellant was unable
to perform the field sobriety tests successfully.  Officer Stingley testified that she believed
that he had lost the use of his physical and mental faculties.

Officer
Lee, who also responded to the 911 call, performed the horizontal gaze
nystagmus test on Appellant.  He
testified that he observed a lack of smooth pursuit in both eyes and detected
five of six possible clues of intoxication. 
He also claimed that he smelled a strong odor of an alcoholic beverage
on Appellant=s breath.  He claimed that Appellant=s eyes
were bloodshot and watery and that Appellant appeared to be very sleepy and had
difficulty keeping his eyes open as they stood and talked.  Officer Lee testified that, in his opinion,
Appellant had lost the normal use of his mental and physical faculties.

Officer
Babcock testified that he had spoken with Appellant at the scene and that he
had observed the field sobriety tests. 
In his opinion, Appellant had failed them.  Officer Babcock concluded that Appellant was
intoxicated to the point that, if he were allowed to leave, he would be a Asignificant
danger to himself and/or the general public.@  He testified that Appellant said, AMan, I=m not
that drunk,@ and, AI mean I=m not
drunk.@








Appellant
denied drinking any alcohol, but he did admit that he was taking Xanax.  Officer Stingley conducted an inventory
search of the truck and located eight unopened cold cans of beer.

Appellant
concedes that he refused to submit a blood sample for testing, and he was not
offered a breath test.  The trial court
admitted videotapes of the stop and Appellant=s
book-in at the jail.

Applying
the appropriate standards of review,[2]
we hold that the evidence is both legally and factually sufficient to support
Appellant=s conviction.  We overrule his two points and affirm the
trial court=s judgment.

 

PER CURIAM

 

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
December 11, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 693 (Tex.
Crim. App. 2005) (both providing legal sufficiency standard of review); Watson
v. State, 204 S.W.3d 404, 414B15, 417 (Tex. Crim. App. 2006); Drichas v.
State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 8B9, 11B12 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all
providing factual sufficiency standard of review).